**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4642**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ASDRUBAL RODRIGUEZ CORREA,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:09-cr-00052-FDW-7)

Submitted:  May 19, 2011              Decided:  May 23, 2011

Before TRAXLER, Chief Judge, and AGEE and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Asdrubal Rodriguez Correa appeals from his conviction for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana. Correa does not contest his other related firearm convictions. Finding no error, we affirm.

Correa contends that the district court erred by denying his motion for judgment of acquittal. He asserts that, although the evidence supported his involvement in the conspiracy, there was insufficient evidence to convict him of the 100 kilogram quantity that was specifically found by the jury. We review de novo the denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693.

The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to

2

be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This court may not weigh the evidence or review the credibility of the witnesses. United States v. Allen, 491 F.3d 178, 185 (4th Cir. 2007). If the evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

We conclude that the evidence was sufficient to support the jury's verdict that Correa was involved with at least 100 kilograms of marijuana related to the conspiracy. He was intimately involved with the co-conspirators who were aware of the size of the shipment, knew that he and another co-conspirator would be paid $10,000 to guard a portion of the shipment in a stash house, had numerous cell phone conversations with the co-conspirators in the thirty days prior to the delivery, and was present when a U-Haul truck filled with more than 100 kilograms of marijuana arrived at the stash house and was unloaded.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED